9 F.3d 1548
 144 L.R.R.M. (BNA) 3008
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
and
International Union, United Automobile, Aerospace and
Agricultural Implement Workers of America, Intervenor,
v.
VEMCO, INC., Respondent.
 No. 92-5257.
 United States Court of Appeals, Sixth Circuit.
 Nov. 9, 1993.
 
 Before: NELSON and BOGGS, Circuit Judges; and ROSENN, Senior Circuit Judge.*
 
 JUDGMENT
 
 1
 THIS CAUSE came on to be heard upon an application of the National Labor Relations Board for the enforcement of an order issued by it against the Respondent, Vemco, Inc., Grand Blanc, Michigan, its officers, agents, successors, and assigns, on August 27, 1991. The Court heard argument of respective counsel on November 16, 1992, and has considered the briefs and transcript of record filed in this cause. On April 5, 1993, the Court, being fully advised in the premises, handed down its opinion granting enforcement of the Board's Order in part, denying it in part and remanding the case to the Board for action consistent with the Court's opinion. In conformity therewith, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that Respondent, Vemco, Inc., Grand Blanc, Michigan, it officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Coercively interrogating employees concerning their union sympathies and activities or those of other employees.
 
 
 4
 (b) Imposing an overly broad no-solicitation rule.
 
 
 5
 (c) Confiscating union literature.
 
 
 6
 (d) Threatening employees with plant closure, discharge, reprimand, and the imposition of more onerous working conditions.
 
 
 7
 (e) Implying that efforts to join a Union would be futile.
 
 
 8
 (f) Soliciting grievances and promising or granting benefits in order to discourage union activities.
 
 
 9
 (g) Issuing warnings or suspensions, or otherwise discriminating against employees because of their activities in support of union affiliation for purposes of collective-bargaining representation or other protected concerted activities.
 
 
 10
 (h) In any other manner interfering with, restraining, or coercing its employees in the exercise of rights guaranteed them by Section 7 of the National Labor Relations Act (hereinafter called the Act).
 
 
 11
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 12
 (a) Make employee Greg Hall whole for any loss of earnings suffered as a result of his unlawful suspension and warning, in the manner set forth in the remedy section of the Judge's decision, remove from its files any reference to the unlawful suspension and warning and notify him in writing that this has been done and that the suspension and warning will not be used against him in any way.
 
 
 13
 (b) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 14
 (c) Post at its Grand Blanc, Michigan facility copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 15
 (d) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment, what steps the Respondent has taken to comply.
 
 
 16
 IT IS FURTHER ORDERED AND ADJUDGED by the Court that the case is remanded to the Board for action consistent with the Court's opinion.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 17
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES OF
 
 
 18
 APPEALS ENFORCING IN PART, DENYING ENFORCEMENT IN
 
 PART AND REMANDING IN PART AN ORDER OF
 THE NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 19
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 20
 Section 7 of the Act gives employees these rights.
 
 To organize
 To form, join, or assist any union
 
 21
 To bargain collectively through representatives of their own choice
 
 
 22
 To act together for other mutual aid or protection
 
 
 23
 To choose not to engage in any of these protected concerted activities.
 
 
 24
 WE WILL NOT coercively interrogate employees concerning their union sympathies and activities or those of other employees.
 
 
 25
 WE WILL NOT impose an overly broad no-solicitation rule.
 
 
 26
 WE WILL NOT confiscate union literature.
 
 
 27
 WE WILL NOT threaten employees with plant closure, discharge, reprimand, and the imposition of more onerous working conditions.
 
 
 28
 WE WILL NOT imply that efforts to join a union would be futile.
 
 
 29
 WE WILL NOT solicit grievances and WE WILL NOT promise or grant benefits in order to discourage union activities.
 
 
 30
 WE WILL NOT issue warnings or suspensions, or otherwise discriminate against employees because of their activities in support of union affiliation for purposes of collective-bargaining representation or otherwise engaging in protected concerted activities.
 
 
 31
 WE WILL NOT in any other manner interfere with, restrain, or coerce our employees in the exercise of rights guaranteed them by Section 7 of the Act.
 
 
 32
 WE WILL make Greg Hall whole for the losses he incurred as a result of our discrimination against him.
 
 
 33
 WE WILL remove from our files any reference to the warning and suspension given to Greg Hall and notify him in writing that this has been done and that evidence of the unlawful warning and suspension will not be used against him in the future.
 
 
 34
 VEMCO, INC.
 
 
 35
 (Employer)
 
 
 36
 Dated _______________ By ______________________________
 
 
 37
 (Representative)
 
 
 38
 (Title)
 
 
 39
 This is an official notice and must not be defaced by anyone.
 
 
 40
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.